IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER H. MCCOY<br>(BOP Register No. 09150-025),<br><br>Plaintiff,<br><br>V.<br><br>DJ HARMON, Warden, ET AL.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:16-cv-3497-M-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* civil rights action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

The Court ordered Plaintiff Christopher H. McCoy's complaint be served on January 19, 2017, and the Clerk issued summonses the same day. *See* Dkt. Nos. 15-25. The United States Attorney's Office for the Northern District of Texas, on behalf of the five individual defendants sued by McCoy, moved to dismiss McCoy's complaint on March 31, 2017, because: (1) McCoy failed to exhaust his administrative remedies; (2) McCoy has failed to state a claim upon which relief may be granted; and (3) qualified immunity bars McCoy's claims against the defendants. *See* Dkt. Nos. 26, 27, & 28.

Although McCoy has responded to the motion, *see* Dkt. No. 30, he now moves for default judgment, asserting that the motion to dismiss is not "a responsive pleading," Dkt. No. 32.

The Court should deny the motion for default judgment for the reasons explained below.

## Legal Standards and Analysis

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. *See* FED. R. CIV. P. 55(a). "This first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment." *Am. S. Ins. Co. v. Buckley*, No. 1:09-CV-723, 2010 WL 5654105, at *3 (E.D. Tex. Dec. 28, 2010), *rec. adopted*, 2011 WL 288604 (E.D. Tex. Jan. 27, 2011).

> In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *Id.* The clerk will enter default when default is established by an affidavit or otherwise. *Id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *Id.*

*Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013). The Court appropriately enters default judgment when a defendant fails to answer or otherwise refuses to obey court orders. *See Bonanza Int'l, Inc. v. Corceller,* 480 F.2d 613, 614 (5th Cir. 1973); *see also McGrady v. D'Andrea Elec., Inc.,* 434 F.2d 1000, 1001 (5th Cir. 1970).

McCoy is not entitled to judgment by default. No defendant is in default, as the filing of the motion to dismiss "stayed the time to file a responsive pleading." *FuQua*

*v. Massey*, 615 F. App'x 611, 613 (11th Cir. 2015) (per curiam) (citing FED. R. CIV. P. 12(a)(4)); *see, e.g., Mayer v. Wells Fargo Bank, N.A.*, No. 15-12503, 2015 WL 7733454, at *5 (E.D. Mich. Dec. 1, 2015) ("Defendant filed a Motion to Dismiss in lieu of an Answer which is allowed under Rule 12(b)(6). As set forth in Rule 55(a), an opposing party may 'otherwise defend' the action, which Defendant has done by filing a Motion to Dismiss under Rule 12(b)(6). Plaintiff is not entitled to a default judgment since Defendant has appeared to defend the action."); *cf.* FED. R. CIV. P. 55 advisory committee's note, 2007 Amendments, Subdivision (a) ("Acts that show an intent to defend have frequently prevented a default even though not connected to any particular rule."); *Landrith v. Gariglietti*, 505 F. App'x 701, 703 (10th Cir. 2012) (Gorsuch, J.) ("a § 1915(e) motion is effectively treated as a 12(b) motion and, accordingly, as an effort to 'otherwise defend' under the default judgment rule" (quoting Fed. R. Civ. P. 55(a))); *Ross v. Creative Image Techs., LLC*, No. 3:13-CV-3, 2013 WL 2404234, at *2 (W.D. Ky. May 31, 2013) ("Simply put, by filing a motion to stay this proceeding, [defendants] showed a desire to contest the action. Entering a default against them would thus be inappropriate." (citation omitted)).

**Recommendation**

The Motion for Default Judgment [Dkt. No. 32] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 1, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE