IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER H. MCCOY (BOP Register No. 09150-025), | § § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:16-cv-3497-M-BN |
| DJ HARMON, Warden, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* civil rights action, filed by Plaintiff Christopher H. McCoy, a federal inmate incarcerated in the Dallas Division of this district, has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

The United States Attorney's Office for this district, on behalf of the five individual defendants sued by McCoy, has moved to dismiss his complaint under Federal Rule of Civil Procedure 12(b)(6) because: (1) McCoy failed to exhaust his administrative remedies; (2) he also fails to state a claim upon which relief may be granted; and (3) qualified immunity bars the claims against Defendants. *See* Dkt. Nos. 26, 27, & 28.

The Court has issued an order requiring briefing as to the first and second grounds for dismissal. *See* Dkt. No. 29. And a response in opposition, *see* Dkt. No. 30, and reply brief, *see* Dkt. No. 34, have been filed.

The undersigned now enters the following findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should grant the motion to dismiss to the extent that McCoy has failed to allege plausible claims for relief and dismiss this action with prejudice.

**Applicable Background**

McCoy "pleaded guilty to using the Internet to entice a minor to engage in illicit sexual activity, 18 U.S.C. § 2422(b); transferring obscene matter to a minor, *id.* § 1470; and receiving, *id.* § 2252(a)(2), possessing, *id.* § 2252(a)(4)(B), and distributing child pornography, *id.* § 2252(a)(2)," and he was sentenced "to a total of 327 months' imprisonment, the top of the guidelines range." *United States v. McCoy*, 493 F. App'x 767, 768 (7th Cir. 2012) (per curiam); *see United States v. McCoy*, No. 3:11-cr-30076-001-DRH (S.D. Ill.). The district court's judgment was affirmed on appeal. *See generally McCoy*, 493 F. App'x 767. And the Supreme Court of the United States denied McCoy's petition for certiorari review. *See McCoy v. United States*, 568 U.S. 1148 (Jan. 22, 2013).

This action concerns the alleged denial of access to the courts, a claim that relates to McCoy's unsuccessful motion to vacate the above conviction and sentence under 28 U.S.C. § 2255 and his claim in that collateral proceeding, based on *United States v. Harden*, 758 F.3d 886 (7th Cir. 2014), that he should be allowed to withdraw his guilty plea because "the magistrate judge unlawfully accepted his felony guilty plea," *McCoy v. United States*, 815 F.3d 292, 294 (7th Cir. 2016).

In *Harden*, issued while McCoy's Section 2255 motion was pending in the

district court (and more than two weeks prior to a hearing on that motion in that court), the United States Court of Appeals for the Seventh Circuit "held that magistrate judges do not have authority under the Federal Magistrates Act to accept felony guilty pleas, and that neither the defendant's consent nor lack of apparent harm to the defendant precluded reversal." *McCoy*, 815 F.3d at 294 (citing *Harden*, 758 F.3d at 890-91); *cf. Harden*, 758 F.3d at 891 (acknowledging that the decision placed the Seventh Circuit "in conflict with several of [its] sister circuits," including those, such as the Fifth Circuit, that agree " that a magistrate judge may conduct a [Federal Rule of Criminal Procedure] 11(b) colloquy for the purpose of making a report and recommendation" (citing *United States v. Dees*, 125 F.3d 261, 263, 265 (5th Cir. 1997); citations omitted)).

The Seventh Circuit affirmed the district court's dismissal of McCoy's Section 2255 motion after finding, first, that McCoy procedurally defaulted his claim based on *Harden* by neither raising it on direct appeal nor in his Section 2255 motion before the district court and, second, that his procedural default was not excused:

> First, the *Harden* decision on which McCoy bases his claim was issued a full two weeks before the hearing in the district court on his § 2255 motion. *Harden* was not an obscure, unpublished order dealing with a minor legal matter in a distant district. Rather, it was a published decision of this court that originated from the same district and even the same judge as McCoy's case. Further, *Harden* concerned an important legal matter implicating procedures that were, from what this court can tell, exclusive to the Southern District of Illinois. *Harden* obligated courts in the Southern District to change their longstanding practice of allowing magistrate judges to accept felony guilty pleas. There can be no doubt that the decision, from the moment it was issued on July 14, 2014, made an immediate impact on criminal practice in the federal courts in the Southern District. In this context and under these facts, we find that an

argument based on *Harden* would have been fully available to McCoy to amend his § 2255 motion by the time of the July 31, 2014, hearing.

By not presenting his argument based on *Harden* to the district court, McCoy procedurally defaulted such an argument in this court. Having found that the *Harden* decision was available to McCoy during the pendency of his § 2255 motion, McCoy cannot show cause for his procedural default. Therefore, the decision of the district court dismissing his § 2255 motion is affirmed.

*McCoy*, 815 F.3d at 296 (citations omitted).

The Seventh Circuit denied McCoy's petition for rehearing en banc on May 31, 2016. And the Supreme Court denied certiorari review on October 3, 2016. *See McCoy v. United States*, 137 S. Ct. 260 (2016).

Turning back to this proceeding, McCoy claims that he was denied access to an audio recording of oral argument in the Seventh Circuit as to the district court's dismissal of the Section 2255 motion and that he was forced to file his *pro se* motion for rehearing en banc without having an opportunity to review that recording. *See* Dkt. No. 4 at 6-9; *see also id.* at 17-21 (letter from McCoy's then-counsel attaching a motion requesting an extension of the applicable deadline based on McCoy's transfer to FCI Seagoville and his inability to listen to the audio recording to date).

Before continuing to the motion to dismiss, the undersigned observes that McCoy has noticed an interlocutory appeal of the Court's May 31, 2017 order denying his motion for default judgment against the same defendants moving to dismiss his complaint. *See* Dkt. No. 38; *see also* Dkt. Nos. 32, 33, 34, 35, & 36. An ordering denying default judgment does not, however, fall "within 'that small class of orders which finally determine claims of right separable from, and collateral to, rights asserted in

the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" *Adult Film Ass'n of Am., Inc. v. Thetford*, 776 F.2d 113, 115 (5th Cir. 1985) (per curiam) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949); brackets omitted). That order "clearly fails to meet the last requirement of [*Cohen*'s] three part test: the district court's denial of [the plaintiff's] motion for a default judgment can be reviewed on appeal from the court's final judgment on the merits." *Id.*

The Court may therefore consider the motion to dismiss at this time because "[n]otice of appeal from a non-appealable order ... does not render void for lack of jurisdiction acts of the trial court taken in the interval between filing of the notice and dismissal of the appeal." *United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989); *see also Nascimento v. Dummer*, 508 F.3d 905, 909–10 (9th Cir. 2007) ("[W]hen a litigant makes an improper interlocutory appeal, such action will not throw a monkey wrench into the machinery of our justice system. Instead, when an improper appeal is taken, the district court retains its jurisdiction to act on the case, and its extant orders must be followed by the litigants, at risk of grave sanction.")).

## Legal Standards and Analysis

I.    Qualified Immunity

The undersigned did not order a response as to Defendants' argument that this action should be dismissed at the pleadings stage because they are entitled to qualified immunity. *See* Dkt. No. 29. It is the undersigned's general practice to address a defendant's affirmative defense of qualified immunity through a motion for summary

judgment and, before taking that motion under submission, to offer the plaintiff an opportunity to move for leave to conduct limited discovery that is narrowly tailored to uncover facts that the Court needs to rule on that defense.

Therefore, if Judge Lynn declines the undersigned's recommendation that this action be dismissed with prejudice because McCoy has failed to allege plausible claims for relief – and because immunity defenses should be decided on an expedited basis, *see Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (noting that "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation") – the undersigned will order Defendants to move for summary judgment as to each Defendant's entitlement to qualified immunity, as a court must "assess the reasonableness of each defendant's actions separately, even if those defendants acted in unison," *Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 181 (5th Cir. 2016) (citation omitted).

II.    Exhaustion

The parties have briefed, however, Defendants' argument that this action should be dismissed because McCoy failed to exhaust his administrative remedies.

Under the Prison Litigation Reform Act (the "PLRA"), "'[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'" *Davis v. Fernandez*, 798 F.3d 290, 294 (5th Cir. 2015) (quoting 42 U.S.C. § 1997e(a)).

Courts interpret the term "with respect to prison conditions" broadly, and "the

PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). This requirement therefore applies to an action, like McCoy's, concerning an alleged denial of access to the courts. *See, e.g., Emmett v. Ebner*, Civ. A. No. H-10-3611, 2010 WL 3941899, at *1 (S.D. Tex. Oct. 7, 2010).

But "exhaustion under the PLRA is not a pleading requirement that plaintiffs must satisfy at the outset of litigation." *Dillon v. Rogers*, 595 F.3d 260, 272 n.3 (5th Cir. 2010) (citing *Jones v. Bock*, 549 U.S. 199, 211-12 (2007); *Johnson v. Johnson*, 385 F.3d 503, 516 n.7 (5th Cir. 2004)). And a court "can only dismiss for failure to state a claim based on a failure to exhaust when the face of the complaint makes clear that the plaintiff did not exhaust." *LaBeouf v. Manning*, 575 F. App'x 374, 378-79 (5th Cir. 2014) (citing *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007); footnote omitted).

Therefore, in cases – like this one – in which the plaintiff alleges that he has exhausted administrative remedies and also attaches to his complaint documentation of that alleged exhaustion, *see* Dkt. No. 4 at 10-12 & 24-42, raising, at a minimum, a factual dispute as to the failure-to-exhaust issue, "exhaustion under the PLRA is properly treated as an affirmative defense and analyzed as a motion for summary judgment," *Miller v. Fed. Bureau of Prisons*, 703 F. Supp. 2d 8, 15 (D.D.C. 2010) (citing *Jones*, 549 U.S. at 216); *see LaBeouf*, 575 F. App'x at 379 ("Nothing in LeBeouf's complaint makes it facially apparent that she did not exhaust her administrative remedies. As a result, we must reject Manning's argument that LeBeouf fails to state

a procedural due process claim by not first exhausting her state procedural remedies. Of course, on remand, Manning will have the opportunity – outside of a Rule 12(b)(6) motion – to assert his affirmative defense that LeBeouf's claim fails because she did not exhaust her post-deprivation administrative remedies." (citation omitted)); *compare Burns v. East Baton Rouge Parish Prison Emergency Med. Servs.*, Civ. A. No. 14-0245-JWD-EWD, 2016 WL 1122242, at *2 (M.D. La. Mar. 4, 2016) ("As a practical matter, unless an inmate plaintiff admits that he has failed to exhaust administrative remedies or it is otherwise clear on the face of his complaint that he has not done so, it is usually necessary to establish the exhaustion defense through the introduction of competent evidence." (citations omitted)), *with* Dkt. No. 28 (appendix filed in support of Defendants' motion to dismiss, including a declaration from a Bureau of Prisons official with corresponding exhibits supporting Defendants' argument that McCoy failed to exhaust administrative remedies).

The Court need not, moreover, utilize Federal Rule of Civil Procedure 12(d) to convert Defendants' Rule 12(b)(6) motion to dismiss into one for summary judgment under Federal Rule of Civil Procedure 56. Doing so is not "'likely to facilitate the disposition of [this] action,'" considering that McCoy has failed to state claims upon which relief may be granted, as explained below. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 194 n.3 (5th Cir. 1988) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (1969)).

III.    Failure to State a Claim

    A.    Legal Standards

In deciding whether a claim should be dismissed under Rule 12(b)(6), the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic

recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, the plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The Supreme Court "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v.*

*Rowe*, 449 U.S. 5, 9 (1980)); *see United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam) (a court has a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney"); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

Although the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it

into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techs.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

### B. Access-to-the-Courts Claim

> Prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. Nevertheless, this constitutional guarantee does not afford prisoners unlimited access to prison law libraries. Limitations may be placed on library access so long as the regulations are "reasonably related to legitimate penological interests." [And] before a prisoner may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate "that his position as a litigant was prejudiced by his denial of access to the courts."

*McDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998) (citations omitted).

An access-to-the-courts claim is, moreover, "not cognizable unless the inmate's position as a litigant was actually prejudiced by the denial of access. To prove an

'actual injury,' an inmate must prove that his ability to pursue a claim was hindered or barred by the defendant's actions." *Wells v. Thaler*, 460 F. App'x 303, 308 (5th Cir. 2012) (per curiam) (citations omitted).

As to the prejudice requirement, McCoy alleges that Defendants' preventing his access to the audio recording "depriv[ed]" him "of the proof" that he needed to prevail on his claim "that the guilty plea taken from [him] was not a valid plea based on [*Harden*]." Dkt. No. 4 at 12-13. But McCoy's motion for rehearing en banc (and his subsequent cert petition) challenged (or, to be successful, should have challenged) the Seventh Circuit panel's determination that McCoy's *Harden* claim was procedurally defaulted and that his default was not excused. McCoy has not alleged that access to the audio recording would have – or, moreover, could have – allowed him to successfully challenge those determinations. He therefore has not alleged – and cannot show – prejudice. *Cf. Ramirez v. Delcore*, Civ. A. No. C-07-48, 2007 WL 2142293, *6 (S.D. Tex. July 25, 2007) (dismissing "for failure to state a claim and as frivolous" "a claim for denial of access to the courts" where the plaintiff was "procedurally barred" from pursuing the underlying claim).

Furthermore, McCoy was able to file his motion for rehearing en banc and his cert petition. And he has failed to allege sufficient (or any) factual details to show that he would have succeeded on either failed attempt had he accessed the audio recordings. McCoy therefore has not and cannot plausibly allege that any actions by Defendants prevented him from pursuing his claim. *See Wells*, 460 F. App'x at 308; *Gonzalez v. Taylor*, ___ F. App'x ____, No. 16-40061, 2017 WL 2347617, at *1 (5th Cir. May 30,

2017) (per curiam) ("The district court did not err in holding that Gonzalez failed to allege sufficient facts to state a claim that Officer Taylor's actions prejudiced his position as a litigant in his federal habeas proceeding. Gonzalez was able to file two sets of objections in his federal habeas proceeding. Although Gonzalez identified additional objections that he would have raised in his habeas proceeding if he had received his legal materials from Officer Taylor, he did not explain why he needed these legal materials in order to prepare and file these additional objections." (citation omitted)).

The Court should therefore dismiss this claim with prejudice.

C.     Administrative-Procedures-Act Claim

To the extent that McCoy claims that Defendants' alleged failure to answer an administrative remedy response violated the Administrative Procedures Act (the "APA"), *see* Dkt. No. 10, 28 C.F.R. § 542.18 provides that "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."

The non-response denial therefore afforded McCoy a remedy under the Bureau of Prison's procedures. And, for this reason and the reasons provided above, he cannot bootstrap an APA claim onto his deficient access-to-the-courts claim. *Cf. Caraballo v. Fed. Bureau of Prisons*, 124 F. App'x 284, 285 (5th Cir. 2005) (per curiam) (affirming the district court's implicit denial of an APA claim tied to its finding that the plaintiff "had not established that he was denied meaningful access to the courts"); *Boston v. Perdue*, No. 2:12cv75, 2013 WL 1558546, at *2 (N.D. W. Va. Feb. 27, 2013), (dismissing

with prejudice a 28 U.S.C. § 2241 petition presenting the same APA-based argument: that "under the Administrative Procedure Act, the BOP had an obligation to answer [the petitioner's] appeal in a timely fashion under program statement 542.18" and "that failure to do so was a direct violation of such procedure act and program statement"), *rec. adopted*, 2013 WL 1503165 (N.D. W. Va. Apr. 11, 2013).

The Court should therefore dismiss this claim with prejudice.

## Recommendation

The Court should grant the motion to dismiss [Dkt. No. 26] to the extent that Plaintiff Christopher H. McCoy has failed to allege plausible claims for relief and dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

     DATED: September 15, 2017

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE